IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN GERATY,

        Plaintiff,

v.

THE VILLAGE OF ANTIOCH,

        Defendant.

Court No. 09 CV 6992

**THE VILLAGE OF ANTIOCH'S UNOPPOSED MOTION TO VACATE JUDGMENT OF JANUARY 8, 2015 PURSUANT TO F.R.C.P. 60(b) AND TO DISMISS PURSUANT TO SETTLEMENT**

    Defendant, THE VILLAGE OF ANTIOCH, by its attorneys, Lori A. Vanderlaan and Allie M. Burnet of Best, Vanderlaan & Harrington, hereby moves this Court for an Order to vacate the judgment entered on January 8, 2015. In support of its motion, Defendant states as follows:

    1.    On May 2, 2014, the Court entered judgment in this matter subsequent to a jury verdict in favor of Plaintiff and the court's finding as to back pay and prejudgment interest with respect to Plaintiff's claims against Defendant brought under Title VII. On January 8, 2015, this Court entered an Amended Judgment, after reducing the jury's finding of compensatory damages from $250,000 to $200,000. On February 11, 2015, this Court entered an order seeking leave from the Appellate Court to amend the judgment to include the court's finding of taxable costs, per its order of September 4, 2014.

    2.    Defendant filed timely post-trial motions and notices of appeal with respect to the jury's verdict, as well as this Court's ruling on Defendant's post-trial motions and judgment/amended judgments entered.

4

3. Subsequent to entry of judgment and Defendant filing notices of appeal, the parties engaged in settlement discussions and were ultimately able to come to terms on a settlement in full and final resolution of all matters now pending before both this Court, as well as the appeals pending before the United States Court of Appeals for the Seventh Circuit.

4. Defendant moves for *vacatur* of the judgment in this case as a condition to settlement of this matter, and per the attached stipulation to Dismiss and Vacate the Judgment, executed by each respective party (*See Exhibit A attached*).

5. Rule 60(b) allows the court to grant relief from a final judgment in a number of circumstances. "Vacatur is a remedy rooted in equity." *Ameritech Corp. v. International Brotherhood of Elec. Workers, Local 21*, 543 F.3d 414, 419 (7th Cir. 2008). Pursuant to Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or any other reason that justifies relief." *Fed.R.Civ.P. 60(b)(5), (b)(6)*. "Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and we have characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan* Co., 73 F.3d 711, 722 (7th Cir. 1996)).

6. In this case, applying the final judgment would no longer be equitable where the Plaintiff does not oppose Defendant's motion to vacate the judgment pursuant to a settlement agreement.

7. Further, an order vacating the judgment of the jury would not deprive the public of any significant precedential value or preclusive effect. Defendant seeks only to vacate the

5

judgment, and would not vacate any other pre-trial judgments of the court. Defendant in this case is not seeking to vacate any published decisions of the court, but rather a judgment based on a jury verdict, which in and of itself has no precedential value.

8. The requested order of *vacatur* would not render the public and judicial resources spent on the case worthless. The settlement agreement reached by the parties took into account the findings and monetary valuations of the jury. Also, the settlement of this matter at this juncture would preclude the need for further litigation of the pending appeals before the Seventh Circuit.

9. It would be in the best interest of the parties, the court, and the public that the court vacate the judgment entered on January 8, 2015, and allow the parties to finalize their settlement agreement.

10. Further, Defendant moves this Court for dismissal with prejudice of all of Plaintiff's claims against Defendant, disposing of the entire case, pursuant to the parties' settlement, and the stipulation filed by the parties on April 21, 2015.

WHEREFORE, Defendant, THE VILLAGE OF ANTIOCH, respectfully requests that this Court grant this unopposed motion and vacate the judgment entered on January 8, 2015, pursuant to the parties' settlement of all claims. Further, Defendant moves this Court for dismissal with prejudice of all remaining claims, disposing of the entire case, pursuant to settlement and stipulation of the parties.

Respectfully submitted,

**THE VILLAGE OF ANTIOCH**

By: ____*/s/ Lori A. Vanderlaan*_____
One of its attorneys

Lori A. Vanderlaan
Allie M. Burnet
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL  60602
(312) 819-1100
(312) 819-8062 (Fax)

### CERTIFICATE OF SERVICE

      I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by operation of the court's electronic filing system, to the attorney(s) of record at the address(es) of record, on April 21, 2015.

                                        */s/ Lori A. Vanderlaan*